# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARY GRAY, WIDOW OF
EARL D. GRAY (DECEASED),**
**Claimant Below, Petitioner**

**vs.)    No. 12-0871** (BOR Appeal No. 2046742)
             (Claim No. 940066608)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MOUNTAINEER MINING MANAGEMENT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary Gray, widow of Earl D. Gray, by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 27, 2012, in which the Board affirmed a December 14, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 21, 2009, decision denying Mrs. Gray's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gray worked as a coal miner for Mountaineer Mining Management, Inc., for over twenty-five years. Throughout the course of his employment he was exposed to the hazards of occupational pneumoconiosis and was granted a 30% permanent partial disability award in several separate exposure claims. In 2005, Mr. Gray was diagnosed with colon cancer and underwent chemotherapy, which was unsuccessful. On July 3, 2008, Mr. Gray died, and his death certificate listed the cause of death as metastatic colon cancer to the lungs and chronic obstructive pulmonary disease. The report from the autopsy performed at Charleston Area Medical Center showed severe emphysema and fibrosis bilaterally throughout the lungs. The report also noted the presence of tumor cells in the lungs. But the report stated that the immediate cause of death could not be accurately assessed because the autopsy was restricted to the lungs. Mrs. Gray then filed an application for dependent's benefits based on her husband's death. The Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a material contributing factor in Mr. Gray's death. On December 21, 2009, the claims administrator denied Mrs. Gray's application for dependent's benefits based on the Occupational Pneumoconiosis Board's findings.

Dominic Gaziano, M.D., and Donald L. Rasmussen, M.D., then reviewed Mrs. Gray's claim. Dr. Gaziano found that Mr. Gray's death was primarily related to colon cancer that had metastasized in his lungs. But Dr. Gaziano believed that his immediate death was hastened because of occupational pneumoconiosis. Dr. Rasmussen also found that occupational pneumoconiosis was a material contributing cause of Mr. Gray's death. He noted, however, that Mr. Gray had a history of cigarette smoking that contributed to his respiratory problems. Erika C. Crouch, M.D., then reviewed Mrs. Gray's claim and found the severity of Mr. Gray's emphysema ruled out coal dust exposure and implicated smoking as a major cause of Mr. Gray's respiratory problems. Dr. Crouch found that coal dust exposure could not have caused, contributed, or hastened Mr. Gray's death. The Occupational Pneumoconiosis Board then testified in a hearing before the Office of Judges. The Occupational Pneumoconiosis Board disagreed with the assessments of Dr. Gaziano and Dr. Rasmussen. Instead, the Occupational Pneumoconiosis Board found that Mr. Gray's death was related to colon cancer which metastasized in the lung, causing it to collapse. The Occupational Pneumoconiosis Board found that the presence of occupational pneumoconiosis did not alter Mr. Gray's life span in any material way. On December 14, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on June 27, 2012, leading Mrs. Gray to appeal.

The Office of Judges concluded that the Occupational Pneumoconiosis Board was correct to find that occupational pneumoconiosis was not a material contributing factor in Mr. Gray's death. The Office of Judges found that Mr. Gray had occupational pneumoconiosis, but it also found that he had colon cancer which had metastasized to the lung. The Office of Judges determined that the cancer in Mr. Gray's lung was not primarily a lung cancer. The Office of Judges based this determination on the Occupational Pneumoconiosis Board's findings and on Dr. Crouch's report. The Office of Judges considered Dr. Gaziano's and Dr. Rasmussen's reports

but did not rely on their opinions. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mrs. Gray has not demonstrated that she is entitled to dependent's benefits based on her husband's death. Mrs. Gray has not established that occupational pneumoconiosis contributed in any material degree to Mr. Gray's death. *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991). The evidence in the record shows that Mr. Gray had colon cancer which had metastasized in his lungs. The findings of both the Occupational Pneumoconiosis Board and Dr. Crouch show that Mr. Gray's death was related to his colon cancer and not to occupational pneumoconiosis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum